OPINION
{¶ 1} Michael H. Kemmerling, defendant-appellant, was charged with misdemeanor complaints of assault and domestic violence perpetrated upon the person of Elizabeth Mullett. Defendant entered a not guilty plea to the charges. He waived his right to a jury trial and proceeded to trial before the court. The court found appellant guilty of both offenses and entered a judgment of conviction on the domestic violence charge. The court imposed a term of 180 and a fine of $150 and costs. The court suspended one day for time served and placed defendant on probation for one year in lieu of imposing the remaining 179-days sentence. As part of the probation, the court required defendant to attend anger management counseling.
 {¶ 2} Defendant appeals the judgment to this court asserting the following assignments of error:
 {¶ 3} "[1.] The verdict was against the manifest weight of the evidence, thereby, depriving Appellant of his due process protections under the state and federal Constitutions.
 {¶ 4} "[2.] The trial court erred in admitting and considering hearsay statements made to an investigating officer that were used to bolster the testimony of the alleged victim."
 {¶ 5} Elizabeth Mullett, age 20, testified to living with defendant for about two months following a relationship of about two years. On June 21, 2002, the couple had intended to go to a swimming party with Mullett's relatives. After a call from defendant's mother, he decided he would not go. Defendant told Mullett they were going to his parents' home instead. In the words of Mullett, "that's when the fight began." When defendant refused to talk about the situation, Mullett turned off the television defendant was watching and told him to pay attention to her. Defendant told her that he hated her and to leave him alone. She stated that she tried to get affectionate to mediate the situation, but he nudged her off his lap and kicked her over the coffee table by putting his foot into her abdomen. She was not injured. She was crying and seeking to kiss and makeup, but she said that defendant retreated to their bedroom where defendant told her if she said "one more f'ing word" that he was going to hit her. She immediately said, "One f'ing word" (jokingly, she said), and defendant raised his fist to hit her. Mullett said she ducked behind her left arm and he punched her five to six times in the arm before he ran out the door.
 {¶ 6} Mullett also testified that defendant threw a cordless telephone at her striking the corner of her eyebrow causing a little scratch or mark. She said that her arm was bruised and sore for several days. Pictures taken by either paramedics or the police were introduced to show her alleged injuries. She refused to go to the hospital.
 {¶ 7} Defendant, the only other witness to the events, testified that he did not feel like going to a swimming party on June 21 and that made Mullett mad. When he continued watching television, not paying attention to her, he said she reached out and smacked him in the face. He asked her not to do it again and she did. Defendant proceeded to grab her left arm, which he said caused the bruise shown in the photos. He picked up the telephone to call his parents to tell them that he was coming over. Mullett grabbed the telephone too and yanked at it. When he let go, it hit her in the head, causing the small mark on her eyebrow. She threw the telephone at him, missing him, after which he left. He said he never kicked her over a table.
 {¶ 8} Basically, defendant attributed the charges to Mullett's anger at his leaving her and that she sought to get back at him. There was conflicting testimony by Mullett and his parents, as to whether she claimed that she could get back at him.
 {¶ 9} Defendant's first assignment of error is that the verdict is against the manifest weight of the evidence. This assignment of error is not well-taken. Mullett's testimony is sufficient, if believed, to constitute proof beyond a reasonable doubt that defendant assaulted her, resulting in a case of domestic violence. Pure and simply this case is one of credibility of the witnesses. At most, Mullett's case showed that she verbally irritated him, perhaps unadvisedly, but verbal irritation does not constitute a defense against committing assault and battery upon another person.
 {¶ 10} Defendant's first assignment of error is overruled.
 {¶ 11} A police officer called in rebuttal on behalf of the state, testified that he was called to the residence of the parties on June 21, 2002, between 6:00 p.m. and 6:20 p.m. He said that he found Mullett to be obviously very upset about something, crying almost to the point of being hysterical. Her face was swollen, appearing that she had been struck with an object. She was holding her arm and complaining of pain in her arm and stomach. The police officer took the photos that were introduced into evidence. When the police officer was asked whether Mullett indicated to him how she received the injury, he started to answer at which time defense counsel objected. The court rephrased defense counsel's question, stating that Mullett had indicated how she had sustained her injuries. The remaining questions pertaining to the officer's contact with the alleged victim related to the descriptions of the injuries.
 {¶ 12} Defendant's second assignment of error is that the court admitted and considered hearsay statements made to an investigating officer that was used to bolster the testimony of the alleged victim. The testimony in this instance was brief and the state concedes that it would be hearsay to permit the police officer to repeat statements that the alleged victim had made to him at the scene of the crime concerning what had happened in relation to the cause of her injuries. However, that testimony was quite brief and it appears that the trial court restricted the officer's answer to her, only that Mullett had told him what happened without allowing any further hearsay evidence about the sources of injuries. Given the very brief testimony about causation, the fact that trial was to the court, and the fact that the trial court reformed the question to limit it as he did, the error, if any, was harmless and there was no prejudice to the defendant.
 {¶ 13} Defendant's second assignment of error is overruled.
 {¶ 14} Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.